1

2

3

4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6

| | | |
|---|---|---|
| TRAVON McCOY, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  CV-05-5036-AAM |
| v. | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| HAROLD CLARKE, ELDON VAIL and | ) | **MOTION FOR SUMMARY JUDGMENT,** |
| JOSEPH LEHMAN, | ) | ***INTER ALIA*** |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |

**BEFORE THE COURT** is plaintiff's Motion for Summary Judgment.  (Ct. Rec. 10).  Plaintiff

appears *pro se.*  Defendants are employees of the State of Washington, represented by Douglas Carr,

Assistant Attorney General for the State of Washington.


**I.  BACKGROUND**

Plaintiff is currently incarcerated in Washington pursuant to an Interstate Corrections Compact

(Compact) with the State of Maryland.  He was transferred to Washington from Maryland in July

2002.  He seeks injunctive relief, as well as financial indemnification, for alleged constitutional

violations pursuant to 42 U.S.C. §1983.

The Compact authorizes states to enter into contracts with other participating states to transfer

and receive inmates for incarceration.  RCW 72.74.020 *et seq.*  Washington and Maryland entered into

a contract in 1990 (MD-WA Contract) which allows Washington to supervise the transferred inmates,

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR SUMMARY**
**JUDGMENT, *INTER ALIA***          Page -1-

and act as an agent of Maryland.   The MD-WA Contract states: "Inmates, while in the custody of the receiving state, shall be subject to all the provisions of law and regulation applicable to persons committed for violation of law of the receiving state not inconsistent with the sentence imposed." (Ct. Rec. 18-2, p. 10).

Plaintiff filed an initial complaint against the Secretary of the Washington State Department of Corrections (DOC) and the Commissioner of the Maryland Division of Correction on April 5, 2005. (Ct. Rec. 1).  He alleged that following his transfer from Maryland to the Washington prison, defendant Harold Clarke, then the Secretary of the DOC, began deducting 25 percent of his incoming funds and five percent of his wages.  (Ct. Rec. 1-1, p. 6).  The deductions are authorized by the Washington State legislature (Revised Code of Washington (RCW) 72.09) and are for, *inter alia,* crime victims' compensation and costs of incarceration. [1]

On April 21, 2005, this court issued an Order to Amend or Voluntarily Dismiss Complaint. (Ct. Rec. 6).  Plaintiff filed a First Amended Complaint on May 2, 2005.  (Ct. Rec. 7).  He asserts RCW 72.09.480 (7) and 72.09.111 (1)(d)(1) are being applied to him in violation of the Eighth and Fourteenth Amendments of the federal Constitution.

The court issued an Order Dismissing the First Amended Complaint In Part With Prejudice, dismissing plaintiff's due process claim regarding his interstate transfer from Maryland.  (Ct. Rec. 8). The court also terminated Frank Sizer, Jr., a resident of the State of Maryland, as a defendant from the action.  *Id.*  Whether a Maryland inmate incarcerated in Washington state is subject to deductions under the Compact, however, was found to be an open question.  (Ct. Rec. 8, p. 2).

---

[1]  RCW 72.09.111 and 72.09.480 require the deduction of certain fees from inmate funds. Inmates, by definition, include "persons received from another state, state agency, county or federal jurisdiction."  RCW 72.09.015 (11).  It is undisputed that plaintiff has been paying the challenged fees.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, *INTER ALIA***

In his First Amended Complaint, plaintiff claims the DOC has no rational basis for making deductions from his funds for costs of incarceration and compensation of crime victims. (Ct. Rec. 7, p. 8). Liberally construing the First Amended Complaint, the court required the Washington defendants to respond to plaintiff's claim of deprivation of a protected property interest without due process and they did so.

On June 15, 2005, plaintiff filed a Motion for Summary Judgment which appears to seek summary judgment on all of the claims asserted in his First Amended Complaint which were not previously dismissed by this court. (Ct. Rec. 10). Plaintiff claims: (1) the defendants' actions violated his substantive due process rights; (2) there is no rational basis for making deductions from his funds as authorized by the Washington statutes; (3) the deductions violate the Compact, and thus violate a property right protected by the Fourteenth Amendment; (4) the defendants failed to enforce the Compact; and (5) defendants are not entitled to qualified immunity from liability for their various due process violations. (Ct. Rec. 12). He requests the court enjoin the defendants from taking any more of his money through the application of RCW 72.09.480(7) and 72.09.111, and order the reimbursement of his funds.

Defendants respond that the deductions do not violate substantive due process as they are duly authorized by the Washington legislature and are rationally related to the state's financial interests in paying costs associated with plaintiff's incarceration. (Ct. Rec. 17, p. 5). Defendants also argue that plaintiff's Interstate Corrections Compact claim is not cognizable under 42 U.S.C. §1983 because the Compact is not a federal law, and the deduction statutes do not violate procedural due process. *Id.* at 6. They assert an affirmative defense of qualified immunity to damages claim.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*          Page -3-

1

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment allows the parties to avoid unnecessary trials when there is no dispute as to the facts before the court. <u>Zweig v. Hearst Corp.</u>, 521 F.2d 1129 (9th Cir. 1975), <u>cert. denied</u>, 423 U.S. 1025, 96 S. Ct. 469 (1975). Summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946, 951 (9th Cir. 1978). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 247, 106 S. Ct, 2505 (1986); <u>Semegen v. Weidner</u>, 780 F.2d 727, 732 (9th Cir. 1985). The moving party bears the initial burden of informing the court of the basis of its motion and identifying evidence of record it believes demonstrates the absence of "a genuine issue of material fact." <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Rule 56 does not require the moving party to support its motion with affidavits or other documents negating the opponent's claim. *Id.* If the moving party satisfies its initial burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 n.11, 106 S. Ct.1348 (1986).

An opponent cannot rest on denials or mere allegations unsupported by factual data or in a pleading. *Id.*; <u>Taylor v. List,</u> 880 F.2d 1040, 1045 (9th Cir. 1989). Further, only disputes over facts that might affect the outcome of the case under the applicable law will preclude entry of summary judgment. Factual disputes that are irrelevant will not be counted. <u>Anderson,</u> 477 U.S. at 250. In determining if summary judgment is appropriate, a court must look at the record and any inferences to

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, *INTER ALIA***          Page -4-

1
2
3
4
5

be drawn from it in the light most favorable to the party opposing the motion. *Id.* at 255. Summary

judgment is to be granted only where the evidence is such that no reasonable jury could return a

verdict for the non-moving party. *Id.* at 250. Conversely, any doubt about the existence of any issue

of material fact requires denial of the motion. *Id.* at 255.

6
7
8

**B.  Plaintiff's Section 1983 Claims**

9
10

To state a claim under 42 U.S.C. § 1983, plaintiff must allege a deprivation of a right, privilege

or immunity secured by the Constitution and the laws of the United States.  See Parratt v. Taylor, 451

11
12

U.S. 527, 535, 101 S. Ct. 1908 (1981). Plaintiff asserts that he "has a protected property interest in

funds received from outside sources." [2]  (Ct. Rec. 7, p. 8).   In Wright v. Riveland, 219 F.3d 905, 913

13
14

(9th Cir. 2000), the Ninth Circuit held, "[b]ecause inmates have a protectable property interest in funds

15

received from outside sources, including those received from federal benefits, the Department's

16

deduction of funds . . .  necessitates compliance with due process."  Plaintiff argues Washington's

17
18

statutes authorizing deductions from inmate funds violates substantive and procedural due process

19

guaranteed by the Fourteenth Amendment.  (Ct. Rec. 12, p. 3).

20
21

**1. Substantive Due Process**

22
23

Substantive due process claims have been limited generally to "matters relating to marriage,

24

family, procreation, and the right to bodily integrity."  Albright v. Oliver, 510 U.S. 266, 272, 114 S. Ct.

25
26
27
28

---

[2]  At other times, plaintiff appears to claim a property right created by the Compact.  (Ct. Rec. 20, p. 2). Whether an inmate has a property right created by the Compact has not been decided by the Ninth Circuit.   See e.g.  Portman v. County of Santa Clara, 995 F.2d 898, 907 (9th Cir. 1999).  The court declines to address this issue in light of the Wright v. Riveland, cited and discussed *infra*.

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR SUMMARY**
**JUDGMENT, *INTER ALIA***

807 (1994).  A substantive due process violation occurs when the state actor "violates fundamental fairness and is action "is shocking to the universal sense of justice." Hivala v. Wood, 195 F.3d 1098 (9th Cir. 1999) (citation omitted).  In order to prove a substantive due process violation, plaintiff must show defendants' action (deductions from funds) was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, or morals, or general welfare." Kawaoka v. City of Arroya Grande, 17 F.3d 1227, 1234 (9th Cir. 1994) (substantive due process claims regarding government action are reviewed under a rationality standard).  Although a legislative action must be rationally related to a legitimate governmental interest,  the court does not require that the government's legislative action actually promotes its stated purpose.  Rather, the court looks at whether "the governmental body *could* have had no legitimate reason for its decision." *Id.* at 1234 (citing Levald v. City of Palm Desert, 998 F.2d 680, 690 (9th Cir. 1993).   If the legislative action advances any legitimate public purpose, it must be upheld. *Id.*

       To support his contention that RCW 72.09 is not rationally related to any government interest, plaintiff argues that he committed his crime in Maryland and so there are no crime victims in Washington for him to compensate.  The fact, however, that the deducted money does not go directly to his victims, or to his state (Maryland), does not defeat the legitimate interest Washington has in assisting crime victims in general, regardless of their states of residence.  Indeed, none of the fees collected from inmates can be said to actually and exclusively go to the specific victims of their crimes.

       Plaintiff argues the costs of his incarceration are provided for in the Compact, and he should not be subject to additional deductions to cover those costs. (Ct. Rec. 7, p. 8; Ct. Rec. 12, p. 3).  In support of his argument that the Compact requires Maryland pay his costs of incarceration, he cites the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, *INTER ALIA***          Page -6-

below underlined portion of the Compact out of context.  (Ct. Rec. 12, p. 4).  The relevant section of

the Compact, *in toto*, states:

> Each party state may make one or more contracts with any one or
> more of the other party states, or with the federal government, for
> the confinement of inmates on behalf of a sending state in institutions
> situated within receiving states. Any such contract <u>shall</u> provide for: (i)
> Its duration; <u>(ii) Payments to be made to the receiving state or to
> the federal government, by the sending state for inmate maintenance,
> extraordinary, medical and dental expenses, and any participation in or
> receipt by inmates of rehabilitative or correctional services, facilities,
> programs or treatment not reasonably included as part of normal
> maintenance;</u> (iii) Participation in programs of inmate employment,
> if any; the disposition or crediting of any payments received by inmates
> on account thereof; and the crediting of proceeds from or disposal of
> any products resulting therefrom; (iv) Delivery and retaking of inmates;
> (v) Such other matters as may be necessary and appropriate to fix the
> obligations and responsibilities and rights of the sending and receiving
> states.

RCW 72.74.020 (3) (a) (emphasis added).

In accordance with the above provision, the MD-WA Contract states at Paragraph 27:

> It is intended by both states that the costs to each state of the custody
> of inmates transferred under the terms of this contract shall be offset
> through mutual exchange of inmates between the states.  Each state shall
> keep account of the number of inmate days of service provided to inmates
> transferred from the other state.  <u>Except as otherwise specifically provided
> in this contract, each state shall bear the cost of providing care and custody
> of the inmate sent to it.</u>  Any difference in actual lengths of custody time
> involved in any one exchange will be resolved through set-offs in subsequent
> exchange actions.

(Ct. Rec. 18-2, p.13) (emphasis added).

The Compact also states:

> All inmates who may be confined in an institution pursuant to the
> provisions of this compact shall be treated in a reasonable and humane
> manner, and shall be treated equally with such similar inmates of the
> receiving state as may be confined in the same institution.  The fact of
> confinement in a receiving state shall not deprive any inmate so confined

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT, *INTER ALIA***       Page -7-

of any legal rights which said inmate would have had if confined in an
appropriate institution of the sending state.

RCW 72.74.020 (4)(e)

Consistent therewith, Paragraph 17 of the MD-WA Contract states: "Inmates, while in the
custody of the receiving state, shall be subject to all the provisions of law and regulations applicable to
persons committed for violations of law of the receiving state <u>not inconsistent with the sentence
imposed</u>." (Ct. Rec. 18-2, p. 10) (emphasis added).  Plaintiff alleges no inconsistency between the
deductions and the conditions of his Maryland sentence.

The evidence of record does not indicate that the Compact specifies Maryland will pay for
plaintiff's incarceration costs.  Rather, the Compact authorizes individual states to contract for those
payments.  The MD-WA Contract provides that each state shall bear the cost of providing care and
custody of the inmate sent to it and that the costs to each state "shall be offset through mutual
exchange of inmates between the states."[3]   It also gives the receiving state the ability to apply its laws
to inmates from the sending state to further offset costs.  Plaintiff's argument that the provisions in the
MD-WA Contract and the Compact are inconsistent is without merit.  (Ct. Rec. 20, p. 2-3).  On the
contrary, they complement each other. Washington's deductions are collected from Maryland inmates,
just as any deductions authorized by the Maryland legislature could be collected from Washington
inmates incarcerated in Maryland.  Furthermore, by statutory definition, even though plaintiff is from
Maryland, he is an "inmate" subject to the provisions of RCW 72.09 while he is confined in
Washington.  RCW 72.09.015 (11). As an agent of the state of Maryland, Washington is authorized by

---

[3]  The court notes that the Maryland State Corrections statute authorizes deductions from an
inmate's work-release program earnings for restitution and "an amount the Division determines to be
the cost to the State for food, lodging and clothing for the inmate," and child support.  MD Ann.Code,
Correctional Services, § 3-804 (2005).

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT, *INTER ALIA***          Page -8-

the Compact and the MD-WA Contract to make deductions from plaintiff's earnings and his other

incoming funds..

**2. Eighth Amendment**

Plaintiff includes an Eighth Amendment claim in his First Amended Complaint, although he

does not discuss that specific claim in his summary judgment memoranda.  (Ct Rec. 7, p. 7).  His stated

basis for this claim is that he has never violated the laws of Washington State, the defendants are only

agents of Maryland for the provision of housing and care, and defendants are liable for "punitively

deducting Plaintiff's funds."  *Id.*

The Ninth Circuit has held deductions from inmate funds are punitive, and thus fall under the

ambit of the Eight Amendment; however, it has also held the deductions are not excessive  and thus,

do not violate the Eighth Amendment. [4]  Wright, 219 F.3d at 918 (once statute was amended to

prohibit deduction in excess of inmates' actual costs of incarceration, the deductions were found not

excessive).  Plaintiff does not distinguish his situation from the inmates in Wright, other than to

erroneously assert that his costs are already paid for by Maryland.

**3. Procedural Due Process**

Although plaintiff includes a procedural due process claim in his First Amended Complaint, he

does not brief the issue in his memoranda.  The complaint simply states that plaintiff has a protected

interest in funds received.  Plaintiff then alleges his "non-consensual out-of-state transfer" deprived

---

[4] The Ninth Circuit declined to follow In re Metcalf, 92 Wash.App. 165, 963 P.2d 911 (1998), a
Washington state case in which the deductions were found remedial, not punitive.  Wright, 219 F.3d at
916.

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR SUMMARY**
**JUDGMENT,** *INTER ALIA*          Page -9-

him of a protected property interest without due process.  (Ct. Rec. 7, p. 8).  His memoranda do not discuss this claim or argue why available post-deprivation remedies are inadequate.

To establish a procedural due process claim, plaintiff must allege a constitutionally protected property interest, deprivation by the government, and lack of due process.  <u>Portman</u>, 995 F.2d at 904.  As discussed above, <u>Wright</u> held an inmate has a property interest in his incoming funds.  <u>Wright</u>, 219 F.3d at 913.  The deprivation is pursuant to a duly authorized legislative action.  DOC provides a grievance process for inmates.  Plaintiff provides evidence that he has accessed that grievance process.  (Ct. Rec. 11).  This process has been found to be an adequate post-deprivation remedy for unauthorized deductions.  *Id.* at 918 (withdrawals in excess of actual incarceration costs may be redressed through established prison grievance process and by filing a tort claim in state court).

Furthermore, the Washington Court of Appeals has held that RCW 72.09.111 and .480 do not violate a prisoner's state or federal constitutional right to due process because when a legislative enactment is challenged, the legislative process provides all the process due.  <u>In re Metcalf</u>, 92 Wash.App. 165, 176, 963 P.2d 911 (1998).  Inmates have access to a grievance process that allows meaningful review of the deductions in a situation where pre-deprivation hearings for all the inmates is impossible.  Plaintiff has not alleged that a delay imposes a significant hardship on him.   He may bring a tort action against the State to recover funds illegally deducted.  The grievance process and state law remedies provide adequate post-deprivation due process.

### C.  Pendent State Law Claims

Plaintiff appears to argue the Compact gives him the right to not to be subject to the deductions authorized by the State of Washington.  He alleges the deductions violate the terms of the Compact.

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR SUMMARY**
**JUDGMENT,** *INTER ALIA*         Page -10-

(Ct. Rec. 12,  p.6).  This claim, however, is not found in his First Amended Complaint.

Defendants correctly argue that breach of the Compact or MD-WA Contract is not a federal

issue.  (Ct. Rec. 17, p. 6).   The Compact is an agreement between two states and does not relate to

federal concerns.   Ghana v. Pearce, 159 F.3d 1206, 1208-09 (9th Cir. 1998) (Interstate Corrections

Compact procedures are a local concern and there is no federal interest absent some constitutional

violation in the treatment of the prisoners).  Plaintiff argues Ghana does not apply because liberty

interests were at issue there.  The rule regarding the federal interest in the Compact, however,  is still

on point.  Thus, if no constitutional violations are found, a breach of contract or tort action arising out

of an alleged violation of the Compact is a not a federal claim.  See also Portman, 995 F.2d at 905

(deprivation of a benefit to which one is allegedly entitled under a state contract does not automatically

give rise to a §1983 claim).  Here, the undisputed facts, as a matter of law, do not establish any

constitutional violation.  Thus, plaintiff's federal claims fail.  As plaintiff does not plead state pendent

claims in his First Amended Complaint, such claims are not at issue here.  See Sanchez v. City of

Santa Ana, 915 F.2d 424, 439 (9th Cir. 1990) (issues raised for the first time in reply brief generally are

not addressed).  Furthermore, where there are pendent state claims remaining after federal claims have

been dismissed, this court has the discretion to decline jurisdiction.  28 U.S.C. § 1367(c)(3).  Even if

plaintiff had pled state pendent claims, the court would decline jurisdiction.


**III. CONCLUSION**

The statutorily authorized deductions from plaintiff's earnings and other incoming funds do not

violate his substantive due process rights.  These deductions do not "shock[] the universe of justice."

RCW 72.09 is presumed constitutional, and plaintiff's allegation that Washington has no rational basis

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT, *INTER ALIA***      Page -11-

for the deductions is conclusory and unsupported by evidence.  Nor do the deductions violate plaintiff's Eighth Amendment rights.

While plaintiff appears to have a property interest in his funds and the deductions deprive him of those funds, he offers no evidence establishing a lack of procedural due process.  To the contrary, the evidence presented establishes that plaintiff has post-deprivation procedures (prison grievance process) available to him which provide adequate procedural due process.  The evidence documents his participation in the process.  Also, he has tort and breach of contract remedies available to him in state court.  He makes no argument as to why the post-deprivation procedures available are inadequate or why the court should distinguish his case from those cases which hold post-deprivation due process is sufficient.

Where it is apparent from the records, files, affidavits and documents presented that there is no genuine dispute respecting essential material facts, the court may grant summary judgment *sua sponte* for the non-moving party.  <u>Cool Fuel, Inc. v. Connett</u>, 685 F. 2d 309, 311 (9th Cir. 1982) (citations omitted).  Here, it is undisputed that statutorily authorized deductions are being made from plaintiff's funds.  It appears that plaintiff has presented all of his evidence and that there is no other material evidence which could be gathered through the discovery process.  As discussed above, the deductions do not result in any federal constitutional violations.  Accordingly, awarding summary judgment to defendants *sua sponte* is appropriate.

**IT IS ORDERED:**

1)  Plaintiff's Motion for Summary Judgment (Ct. Rec. 10) is **DENIED**;

2)  Defendants are awarded summary judgment on all of plaintiff's 42 U.S.C. §1983 claims.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, *INTER ALIA***          Page -12-

3)   The District Court Executive is directed to file this Order and provide a copy to plaintiff

and to counsel for defendants.  Judgment shall be entered for defendants and the file shall be

**CLOSED.**

**DATED** this __16th__ of August 2005.


                          s/ Alan A. McDonald
                          ALAN A. McDONALD
                    Senior United States District Judge